739 N.W.2d 191 (2007)
274 Neb. 264
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF the NEBRASKA SUPREME COURT, Relator
v.
Jay Robert GARROUTTE, Respondent.
No. S-07-639.
Supreme Court of Nebraska.
September 21, 2007.
*192 HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
This case is before the court on the voluntary surrender of license filed by respondent. Jay Robert Garroutte. The court accepts respondent's surrender of his license and enters an order of disbarment.

FACTS
Respondent was admitted to the practice of law in the State of Nebraska on September 25, 1991. On June 12, 2007, an application for the temporary suspension of respondent from the practice of law was filed by the chairperson of the Committee on Inquiry of the First Disciplinary District. The application stated that on March 27, 2007, in the district court for Polk County, Iowa, respondent pled guilty to felony criminal charges of manufacturing a controlled substance, in violation of Iowa Code Ann. § 124.401(1)(d) (West 2007), and failure to possess a tax stamp, in violation of Iowa Code Ann. § 453B.12 (West 2006). The application further stated that on May 15, the district court found respondent guilty of the charges, sentenced him to prison for 5 years, and imposed a fine. The application further stated that
respondent has engaged in . . . criminal [behavior] that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects and that if he [is] allowed to continue to practice law until final disposition of the . . . disciplinary proceedings, it would cause serious damage to the reputation of the legal profession and could cause damage to the public.
On June 20, 2007, this court entered an order directing respondent to show cause why his license should not be temporarily suspended. A copy of the show cause order was served on respondent. On August 29, this court determined that respondent had failed to show cause why his license should not be temporarily suspended and ordered respondent's license to practice law in the State of Nebraska temporarily suspended until further order of the court.
Respondent has filed with this court a voluntary surrender of license, voluntarily *193 surrendering his license to practice law in the State of Nebraska. In his voluntary surrender of license, respondent effectively does not challenge or contest the truth of the allegations in the application for temporary suspension to the effect that he pled guilty to felony criminal charges of manufacturing a controlled substance and failure to possess a tax stamp and, further, that the district court found respondent guilty of the charges, sentenced him to prison for 5 years, and imposed a fine. In addition to surrendering his license, respondent effectively consented to the entry of an order of disbarment and waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment.

ANALYSIS
Neb. Ct. R. of Discipline 15 (rev. 2001) provides in pertinent part:
(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.
Pursuant to rule 15, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him in the application for temporary suspension. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

CONCLUSION
Upon due consideration of the court file in this matter, the court finds that respondent voluntarily has stated that he knowingly does not challenge or contest the truth of the allegations in the application for temporary suspension to the effect that he pled guilty to felony criminal charges of manufacturing a controlled substance and failure to possess a tax stamp and that the district court found respondent guilty of the charges, sentencing him to prison and imposing a fine. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2005) and 23 (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.
JUDGMENT OF DISBARMENT.